IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

Vs.

                             Case No.       2:21-cv-00891 JCH/JFR

STODDARD EARL HAMMOND,                     2:20-cr-01177 JCH/JFR

    Defendant-Movant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
REGARDING MOVANT HAMMOND'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE OR CORRECT SENTENCE
<u>BY A PERSON IN FEDERAL CUSTODY</u>**

This matter is before the Court on Stoddard Earl Hammond's (hereafter "Movant")

*Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in

Federal Custody*, filed on September 10, 2021.  (CV Doc. 1).[1]  Movant makes a single claim

alleging ineffective assistance of counsel based upon his attorney's failure to object to an

enhancement in his Sentencing Guidelines calculations, which failure to object has disqualified

Movant from earning time credits under the First Step Act time credits.[2]  CV Doc. 1 at 7.

Movant seeks resentencing with the opportunity to contest the disputed sentencing enhancement.

*Id.*

After reviewing the motion, files and records of the case, I can hold an evidentiary

hearing to "determine the issues and make findings of fact…" if I have any question as to

---

[1] Citations to documents in the underlying criminal case will be "CR Doc. ___", and to documents in the instant matter "CV Doc. ___".

[2] Movant writes that "I found out after my sentencing that my organizing role enhancement disqualified me from earning FSA time credits in the BOP."  The Court understands "FSA time credits" to be those authorized by the First Step Act of 2018 that may be applied toward an inmate's prerelease custody or early transfer to supervised release. *See* 18 U.S.C. § 3632(d)(4).

whether the prisoner is entitled to relief.  28 U.S.C. § 2255(b) ("Unless the motion and the files

and records of the case conclusively show that the prisoner is entitled to no relief…").  When

reviewing the record in this case, including Movant's motion and Respondent's answer as well

as all the documents in the underlying criminal case, I am mindful that I must liberally construe a

pro se litigant's pleadings and hold them to a less stringent standard than pleadings drafted by an

attorney.  *Hall v. Bellman*, 935 (10th Cir. 1991) (citations omitted).  I have done so here and

conclude that an evidentiary hearing is not warranted, as the motion, files and records in this

matter conclusively show that Movant is not entitled to relief.  *United States v. Lopez,* 100 F.3d

113, 119 (10th Cir. 1996) ("In response to a [28 U.S.C.] § 2255 motion, the district court must

hold an evidentiary hearing on the prisoner's claims unless the motion and files and records in

the case conclusively show that the prisoner is entitled to no relief.") (quotations omitted);

*Wilson v. Okla.,* 335 F. App'x. 783, 784 (10th Cir. 2009) (unpublished) (applying this principle to

a § 2241 petition).  I also conclude that discovery is not necessary in this case.  *Curtis v. Chester*,

626 F.3d 540, 549 (10th Cir. 2010).  I am comfortable making the following recommendation

without taking additional testimony or evidence.

For the reasons discussed below, I recommend that the Court deny Movant's motion.

Furthermore, I recommend that the Court deny a certificate of appealability and enter judgment

accordingly.

BACKGROUND

On January 24, 2020, Movant Stoddard Earl Hammond was arrested and charged by

Criminal Complaint with knowingly and intentionally possessing with the intent to distribute

approximately 88.3 grams (gross) of methamphetamine and 0.9 grams (gross) of heroin.  CR

Doc. 1.  The offense occurred on January 22, 2020 in Dona Ana County, in the District of New

Mexico.  Movant pleaded guilty on April 30, 2020 to an Information charging violations of 21

U.S.C. §§ 841(a)(1) and (b)(1)(A) (possession with the intent to distribute more than 500 grams

of methamphetamine), and 18 U.S.C. § 922(g)(1) (felon in possession of a firearm).  CR Doc.

12.  The Plea Agreement was entered pursuant to Federal Rule of Criminal Procedure

11(c)(1)(C) which stipulated to a specific sentence of 10 years, or one-hundred twenty (120)

months of incarceration.  CR Doc. 15 ("Plea Agreement"), at ₱ 13.  Thus, if the district judge

chose to accept the plea agreement, the judge was required to impose sentence of 10 years of

incarceration.  Prior to sentencing, United States Probation completed a pre-sentence

investigation report (PSR) and calculated Movant's advisory Guideline sentencing range at 235-

293 months.  *Id.* at ¶ 97.  This was based on a total offense level of 35 and a criminal history

category of IV.  *Id.*  In calculating the offense level, Probation determined that the base offense

level was 34 based on the quantity of drugs involved, and then added two levels for each of the

following specific offense characteristics:  possessing a firearm (USSG ¶2D1.1(b)(2)); and being

an organizer, leader, manager or supervisor in criminal activity (USSG ¶ 3B1.1).  *Id.* at ¶¶ 26,

28.  After reductions of three levels for acceptance of responsibility, Probation arrived at a total

offense level of 35.  *Id.* at ¶¶ 32-34.

Movant's case came before the district court for a sentencing hearing on October 27,

2020.  Neither the defense nor the government filed objections to the PSR or any sentencing

pleading, and this Court notes that neither Movant nor his counsel objected before or at

sentencing to the PSR's Sentencing Guidelines calculations.  *See* CV Doc. 7-2 (Sentencing

Hearing Transcript), at 7 (Movant not wishing to say anything); at 17-21 (defense counsel

limiting his comments to whether mental health counseling is necessary).  The district judge

accepted the plea agreement and imposed sentence pursuant to the terms of the plea agreement.

Movant chose not to file an appeal, and filed the instant Motion on September 10, 2021.

Senior District Judge Judith C. Herrera referred the matter to me to issue proposed findings and a

recommended disposition on September 16, 2021.  CV Doc. 4.

DISCUSSION

28 U.S.C. § 2255(a) provides,

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Movant raises the following claim in his Motion, alleging a violation of his Sixth Amendment

right to effective assistance of counsel:

(1) Prior to sentencing, my attorney, James Langell, reviewed my PSIR with me. During review, he stated that he did not feel my actions warranted the 2-point "organizing" role enhancement, but because of my 11(c)(1)(C) plea agreement, I would be sentenced to 120 months regardless, and he did not see the point in arguing.  I found out after sentencing that my organizing role enhancement disqualified me from earning FSA time credits in the BOP.  When I asked attorney Langell he told me he did not know about the disqualification.  I would like to be resentenced, with the opportunity to argue against the organizing role enhancement.

CV Doc. 1 at 7.

Thus, Movant claims that his attorney's failure to challenge the 2-level leader/organizer

adjustment has prejudiced him by making him ineligible for earning FSA time credits.  Movant's

claim falls squarely in the ineffective assistance of counsel category of § 2255 motions.[3]

---

[3] The Court has considered whether the instant motion should be analyzed under 28 U.S.C. § 2241, as Movant essentially challenges the *way* his sentence is being carried out, i.e. the execution of his sentence.  *Compare United States v. Scott,* 803 F.2d 1095, 1096 (10th Cir.1986)(a petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined) *with United States v. Condit,* 621 F.2d 1096, 1097 (10th Cir.1980)(28 U.S.C. § 2255 motion attacks the legality of detention, and must be filed in the district that imposed the sentence); *also see United States v. Flores,* 616 F.2d 840, 842 (5th Cir.1980) (movant's appropriate remedy is under § 2255 and not § 2241 where alleged errors occurred at or prior to

The Sixth Amendment of the U.S. Constitution guarantees the right to effective assistance of counsel at trial. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). For Movant to succeed on his claims of ineffective assistance under § 2255, he must demonstrate both that (1) "counsel′s representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." *Id.* at 687-88. For counsel's performance to fall outside the bounds of professional reasonableness, Movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. To show prejudice, Movant must demonstrate "a reasonable probability that, but for counsel′s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court "may address the performance and prejudice components in any order, but need not address both if [the defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292–93 (10th Cir. 1998).

To meet *Strickland's* first prong, Movant must demonstrate that his lawyer's conduct fell below an objective standard of reasonableness. 466 U.S. at 688. Specifically, Movant identifies the following conduct of his attorney that supposedly breached this objective standard of reasonableness: (1) attorney Langell failed to object to the 2-level enhancement at or before sentencing that he was a leader/organizer pursuant to section 3B1.1 of the Sentencing Guidelines. Was the attorney's decision to forego such legal challenge "outside the bounds of professional reasonableness"? If Movant can make that showing, Movant still must demonstrate that there is a reasonable probability that, but for his counsel's unprofessional errors, his sentence

_____

sentencing). Here, Movant has chosen to file his § 2255 motion in the district where he was sentenced, not in the district where he is incarcerated, and squarely links the claimed prejudice—i.e. alleged loss of FSA time credits—to his attorney's specific failure to challenge the Guidelines enhancement at or before sentencing. Thus, the Court will analyze the motion under § 2255.

would have been different.  *See Strickland*, 466 U.S. at 694.  As explained below, I find Movant

fails on the first prong, but that even if the attorney's conduct here was deficient, Movant also

fails on the second prong.

> a.  The Attorney's Representation Did Not Fall Below an Objective Standard of
>     Reasonableness When He Failed to Object to the PSR's Finding Regarding U.S.S.G.
>     § 3B1.1(c), and Even If It Did, Movant Has Suffered No Prejudice

Under the United States Sentencing Guidelines, the sentencing court is to identify the

controlling guideline and apply any appropriate enhancements or adjustments.  *See e.g.* U.S.S.G.

¶ 1B1.1(a)(1), (2)and (3) (instructing court to (1) determine the offense guideline section from

Chapter Two (Offense Conduct) applicable to the offense of conviction, (2) determine the base

offense level and apply any appropriate specific offense characteristics, cross references, and

special instructions contained in the particular guideline in Chapter Two in the order listed, and

(3) apply the adjustments as appropriate related to victim, role and obstruction of justice from

Parts A, B, and C of Chapter Three).  Prior to sentencing, the Probation Officer reviewed in

detail the offense conduct and applied the 2-level adjustment under U.S.S.G. ¶ 3B1.1 ("If the

defendant was an organizer, leader, manager, or supervisor in any criminal activity other than

described in (a) or (b), increase by 2 levels").  CR Doc. 19 at ¶¶ 11-19; 28.  The adjustment was

not opposed by Movant or his attorney.

Movant claims that he discussed the leader/organizer adjustment with his attorney prior

to sentencing, and his attorney advised him to take no action since a ruling on the issue,

favorable or not, would have no impact on the ultimate 120-month sentence.  CV Doc. 1 at 7

(stating that attorney "did not see the point in arguing" against the leader/organizer adjustment).

Indeed, the defense attorney acknowledged after-the-fact that he did discuss challenging the role

adjustment with his client but thought that the sentencing judge would apply the adjustment

anyway, suggesting that the attorney considered the objection futile.  CV Doc. 7-3.  But the attorney also hinted that he harbored some fear that challenging the role adjustment could backfire and possibly cause the judge to reject the sentencing terms of the plea agreement, and thereby scuttle the plea agreement itself in its entirety.  *Id.* ("…and also wanted judge to accept 11(c)(1)(C) [from] which Mr. Hammond derived a killer benefit.").  Interestingly, Movant does not state that he directly asked his attorney to take specific action and the attorney refused, rather that he and his attorney discussed the adjustment and his attorney advised him to not challenge the adjustment since he would still receive the same sentence.

Numerous cases address when an attorney's advice, albeit incorrect, might render the attorney's performance ineffective.  In *Hill v. Lockhart*, a prisoner alleged in his federal habeas corpus action that his guilty plea was involuntary by reason of ineffective assistance of counsel because his attorney failed to advise him that, as a second offender, he would have to serve one-half of his sentence (as opposed to one-third) before becoming eligible for parole.  474 U.S. 52, 54-55 (1985).  The Supreme Court noted that it had never required criminal defense attorneys to advise their clients about eligibility for parole in order for the guilty plea to be deemed voluntary. *Id.* at 56.  And when an attorney's advice is actually erroneous, as it clearly was in *Hill*, the Court concluded that "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' "  *Id.* (*citing McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)).  The Court found that *Strickland's* two-part test applies to challenges to guilty pleas, 474 U.S. at 58, and ultimately denied Mr. Hill relief because he was unable to establish prejudice.  *Id.* at 60.  The Court concluded:

> "Petitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty

and insisted on going to trial.  He alleged no special circumstances that might
support the conclusion that he placed particular emphasis on his parole eligibility
in deciding whether or not to plead guilty.  Indeed, petitioner's mistaken belief
that he would become eligible for parole after serving one-third of his sentence
would seem to have affected not only his calculation of the time he likely would
serve if sentenced pursuant to the proposed plea agreement, but also his
calculation of the time he likely would serve if he went to trial and were
convicted."

474 U.S. at 60.

Hill noted that Strickland's "prejudice" requirement "was based on our conclusion that

'[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the

judgment of a criminal proceeding if the error had no effect on the judgment.' "  474 U.S. at 57,

citing Strickland, 466 U.S. at 691.  Hill concerned the validity of a guilty plea, and not an

attorney's assistance at sentencing.  Strickland itself was a case of alleged ineffective assistance

at the sentencing stage of a criminal case and noted that a reviewing court must determine

whether:

in light of all the circumstances, the identified acts or omissions were outside the
wide range of professionally competent assistance.  In making that determination,
the court should keep in mind that counsel's function, as elaborated in prevailing
professional norms, is to make the adversarial testing process work in the
particular case.  At the same time, the court should recognize that counsel is
strongly presumed to have rendered adequate assistance and made all significant
decisions in the exercise of reasonable professional judgment.

466 U.S. at 690 (italics added).  Ultimately, the defendant alleging ineffective assistance of

counsel must demonstrate there is a reasonable probability that, but for counsel's unprofessional

errors, "the result of the proceeding"—here, the sentence imposed—would have been different.

Not every error that could have influenced the outcome undermines the reliability of the result of

the proceeding.  Id. at 693.  "Because of the difficulties inherent in making the evaluation, a

court must indulge a strong presumption that counsel's conduct falls within a wide range of

reasonable professional assistance; that is, the defendant must overcome the presumption that,

under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689 (italics added).

When a defendant's sentence is actually increased based on counsel's failure to object, then that defendant may have a valid ineffective assistance claim.  *See United States v. Horey*, 333 F.3d 1185, 1188 (10th Cir. 2003) ("As there is an increase in the actual amount of jail time that may be served using the improperly-applied guideline range, Mr. Horey has established prejudice."); *also see United States v. Sims*, 218 Fed.Appx. 751 (10th Cir. 2007) (counsel's failure to object to a legally erroneous imposition of a Guidelines enhancement, resulting in longer sentence, constitutes ineffective assistance).  But even when an attorney dramatically miscalculated his client's sentencing range, by advising defendant he would receive a sentence of 15 years when in fact the court sentenced the defendant to 30 years, the defendant was unable to demonstrate ineffective assistance: "A miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Abston*, 401 Fed.Appx.357 at *3 (10th Cir. 2010) (citing *United States v. Gigley,* 213 F.3d 509, 517 n. 3 (10th Cir. 2000)).

Lastly, if the objection is "not a clear winner and could have prejudiced" Movant, "counsel's failure to object … is reasonably attributable to sentencing strategy." *United States v. Holloway*, 939 F.3d 1088, 1104 (10th Cir. 2019).  Defense counsel's decision (to not object to a Sentencing Guidelines enhancement) "must have been 'completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy.'" *Hoxsie v. Kirby*, 108 F.3d 1239, 1246 (10th Cir. 1997), *quoting Hatch v. Okla.,* 58 F.3d 1447, 1459 10th Cir. 1995).  Furthermore, counsel is not required to raise a meritless issue.  *United States v. Orange*, 447 F.3d

792, 797 (10ᵗʰ Cir. 2006); *also see Sperry v. McKune,* 445 F.3d 1268, 1275 (10ᵗʰ Cir. 2006) (trial

counsel's failure to raise a meritless issue is not ineffective assistance).

Here, Movant must demonstrate "that the challenged action could not be considered

sound trial strategy." *Lott v. Trammell*, 705 F.3d 1167, 1186 (10ᵗʰ Cir. 2013).  To do so, Movant

must overcome the "strong presumption" that his attorney's decision to not object might be

considered sound strategy.  In this case, the benefits from objecting to the adjustment are unclear,

for such an objection would have required an evidentiary hearing wherein the United States

would have introduced specific evidence to justify the adjustment, setting out in greater detail the

full range of Movant's criminal conduct and potentially causing the sentencing judge to sour on

the favorable plea agreement.  As explained by defense counsel, not only did he believe that the

judge would apply the adjustment anyway, an objection could have backfired and have caused

far greater damage to Movant's sentencing posture.  CV Doc. 7-3.  To this Court, Movant

describes a classic scenario of an attorney navigating the often-treacherous waters of federal

criminal defense and advising his client about the pros and cons of taking certain actions, and

ultimately making a strategic decision about a particular course of action.  The Court has no

difficulty concluding that an objection to the § 3B1.1 adjustment was not a clear winner and

could have actually harmed Movant, by possibly leading to the rejection of the plea agreement

by the district judge and the filing of additional charges pursuant to 18 U.S.C. § 924(c) (related

to the seizure of the firearm and ammunition in the residence).  *See Holloway*, 939 F.3d at 1104

(when an objection is "not a clear winner and could have prejudiced" Movant, a failure to object

is aptly viewed as sentencing strategy).

Nor does Movant allege what facts he would have presented to rebut the leader/organizer

enhancement.  Movant pleaded guilty to possessing more than 500 grams of methamphetamine

with the intent to distribute, and illegally possessing a firearm based upon his status as a felon. The PSR describes that law enforcement learned that Movant was trafficking narcotics and that on a particular date Movant would deliver approximately 5 ounces of methamphetamine to another individual.  CR Doc. 19  at ⁋ 12.  After noting that these events unfolded as predicted, the PSR provides details of Movant's arrest and subsequent search of his vehicle, which search revealed significant items of evidentiary value, including more than 80 net grams of methamphetamine, approximately 1 gram of psilocybin and 0.7 gram of heroin, over $3,200 in cash, as well as cell phones and other drug paraphernalia.  *Id*. at ⁋ 14.  Then, after his arrest, the PSR describes how Movant was recorded speaking to his girlfriend (who was the sole passenger in the vehicle at the time of the traffic stop) and instructing her to dispose of items in the residence, and to collect money from other individuals (believed by law enforcement to be drug dealers) who were in debt to Movant.  *Id*. at ⁋ 15.  In response, agents then visited the girlfriend, and with her consent searched the residence and seized additional quantities of drugs, as well as a firearm, ammunition and paraphernalia.  *Id.*  Finally, the PSR details that agents interviewed the girlfriend who further described Movant's drug trafficking activities, indicated that even though the vehicle Movant was driving was registered under her name, Movant had purchased it and rarely let her use it, and that Movant hadn't worked in over a year.  *Id*. at ⁋ 17.

Based upon these facts, and in particular the post-arrest recorded phone call in which Movant directed the girlfriend to dispose of drugs (and possibly the firearm and ammunition) and to collect drug debts, the Probation Officer reasonably concluded that Movant's role can be assessed as aggravating.  *Id.* at ⁋ 19.  Movant now seeks remand of his case so that he can argue against the 2-level leader/organizer adjustment, but fails to present any facts or argument to counter his offense conduct detailed in his PSR.  That is likely because the facts clearly show

that Movant, in directing his girlfriend to get rid of the drugs and gun, and to collect outstanding drug debts, effectively acted as manager and supervisor "of one or more other participants." U.S.S.G. § 3B1.1, Appl. Note 2.  This Court concludes that Movant has failed to demonstrate that his attorney acted outside the objective standard of reasonableness required in ordered to obtain the relief that he is seeking.

Finally, the Court must address the attachment to the United States' response which submits that Movant is eligible for FSA time credits.  CV Doc. 7-4 at 1 (email from BOP Senior CLC Attorney Morales Maymi to AUSA Solis, dated September 30, 2021).  In its own research of the First Step Act's procedures regarding the application of time credits, the Court reviewed § 3632(d)(4) which makes ineligible anyone convicted of PWID (meth) "if the sentencing court finds that the offender was an organizer… in the offense…"  *See* 18 U.S.C. § 3632(d)(4)(lxvii). Noting the obvious conflict between this unambiguous statute and the email attachment to the United States' Response, the Court contacted the Bureau of Prison's Designation and Sentence Computation Center (DSCC) to inquire.  Personnel at the DSCC subsequently notified the Court that the BOP had initially mis-classified Movant as eligible for time credits but that, based on Movant's offense of conviction (PWID (meth)) and the PSR's leader/organizer adjustment, he is actually *not* eligible for FSA time credits.  Movant's classification has been amended accordingly.

So, in reality, Movant is correct that he is not eligible for FSA time credits.  Nonetheless, the Court determines that Movant's § 2255 motion fails, and for many of the same reasons discussed above.  The Court has already found the motion fails on *Strickland's* first prong, as Movant is unable to establish that his attorney's decision to not challenge the leader/organizer adjustment was not sound legal strategy, or was a decision that fell below objective standards of

reasonableness.  The Court also finds that the motion fails on *Strickland's* second prong, as

Movant simply can't show that he has suffered prejudice, at least not the prejudice required to

reopen his case.  The "profound importance of finality in criminal proceedings" guides this Court

in making this finding.  *See Strickland*, 466 U.S. at 693.  To reopen his case here, Movant must

show that but for his lawyer's decision to not challenge the adjustment, his sentence would have

been different.  Even though Movant is correct in asserting that he is not eligible for FSA time

credits, he can't show that it is "reasonably probable" that he would be eligible for those time

credits had his lawyer raised an objection.  Because Movant can't show that the outcome of his

case would have been any different, the motion also fails on *Strickland's* second prong.

RECOMMENDATION

The record in this case conclusively shows that an evidentiary hearing is not necessary,

and after carefully considering the claim presented, I conclude that Movant is not entitled to

relief under 28 U.S.C. § 2255.  Movant's counsel's performance did not fall below an objective

standard of reasonableness—quite the contrary when one compares the recommended Guideline

range (235-293 months, or roughly 19½ to 24½ years) to the term negotiated by the parties and

accepted by the Court (120 months, or 10 years).  More to the point, I afford a strong

presumption, as I must, that trial counsel's decision to not challenge the 2-level adjustment

reflected a sound strategy aimed at preserving a very favorable sentence for his client.  Finally, I

conclude that Movant did not suffer prejudice as a result of counsel's decision, for the objection

was not a clear winner.  Accordingly, I recommend denial of Movant's *Motion Under 28 U.S.C.*

*§ 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* and dismissal

with prejudice.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**